BRUCE C. YOUNG, ESQ., Bar #5560
AARON SHUMWAY, ESQ., Bar #10759
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:       702.862.8811

Attorneys for Defendant THI
of Nevada at Las Vegas I, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BOSSELMAN,<br><br>            Plaintiff,<br><br>vs.<br><br>THI OF NEVADA AT LAS VEGAS I, LLC, A DELAWARE LIMITED LIABILITY COMPANY; FUNDAMENTAL LTC HOLDINGS D/B/A HARMON MEDICAL AND REHABILITATION HOSPITAL,<br><br>            Defendant. | Case No. 2:11-cv-01504-GMN-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1.     Any party or non-party may designate as "Confidential" (by stamping the relevant page or otherwise as set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving medical records belonging to Plaintiff and/or to any patient of Defendant THI of Nevada at Las Vegas I, LLC, trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or federal or state law ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.  A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential" information. Any other party may object to such proposal in writing, or otherwise on the record. Upon such objection, the parties shall follow procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control within the specified designation.

3.  All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Protective Order.

4.  Except with the prior written consent of other parties, or upon prior order of this Court obtained upon Notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b) employees of such counsel;

    (c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2.

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that, if the party chooses a consultant or expert employed by THI of Nevada at Las Vegas I, LLC or one of its competitors, the party shall notify the opposing party, or designating nonparty, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

    (e) any authors or recipients of the Confidential Information; and

    (f) the Court, Court personnel, and court reporters.

    (g) witnesses (other than persons described in 4(e)).  A witness shall sign the Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

    5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as otherwise set forth herein.  Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of this Protective Order.

    6.    Should Confidential Information become the subject matter of a pleading, motion or other court filing, either party may seek leave, upon further order of the Court and for good cause shown, to file such Confidential Information under seal.  No party or non-party shall file or submit for filing as part of the Court record any documents under seal without first obtaining leave of court.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to the other without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public and no objection is made.

8. If a party contends that any material so designated is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material as confidential. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claiming that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4.

within thirty (30) days that the documents have been destroyed.

11. This Order is limited to the context of pretrial discovery. Nothing in this Order shall be read to restrict or promote any limitations which may be placed on the use of Confidential Information at trial. If this lawsuit goes to trial, the parties agree to cooperate in terms of protecting Confidential Information.

12. By agreeing to the entry of this Protective Order, the parties hereto adopt no position as to the admissibility of documents produced subject to this Protective Order.

13. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

Dated: March 16th, 2012                           Dated: March 16th, 2012

Respectfully submitted,                            Respectfully submitted,

/s/ Michael P. Balaban                             _____
MICHAEL P. BALABAN, ESQ.                           BRUCE C. YOUNG, ESQ.
Law Offices of Michael P. Balaban                  AARON B. SHUMWAY, ESQ.
10726 Del Rudini Street                            LITTLER MENDELSON
Las Vegas, Nevada 89141                            3960 Howard Hughes Parkway, Suite 300
702-586-2964                                       Las Vegas, Nevada 89169
702-586-3023 (facsimile)                           702-860-8800
                                                   702-860-8811 (facsimile)

Attorneys for Plaintiff David Bosselman            Attorneys for Defendant THI of Nevada at Las Vegas I, LLC

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
Dated: 3-16-2012

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

5.

# EXHIBIT "A"

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in Bosselman v. THI of Nevada at Las Vegas I, Civil Case No. 2:11-cv-01504-GMN-VCF. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED: _____

_____

Firmwide:109786032.1 052893.1078

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800